# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-109 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SAMUEL MARCEL JAWAN ) | |
| SCOTT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On February 20, 2024, Samuel Marcel Jawan Scott moved to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Commission Guidelines. (ECF No. 91.) Then, the Court appointed counsel for Mr. Scott. On March 25, 2024, Mr. Scott requested leave to file a supplemental motion for sentence reduction under seal. (ECF No. 94.) For the following reasons, the Court **GRANTS** the motion and **ORDERS** Defendant to file (1) an unredacted response under seal and (2) a redacted version on the public docket pursuant to Local Rule 49.4 and this Order.

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded

the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a motion to seal to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Although *Shane Group* was a civil case involving a class action settlement, its reasoning also applies in the criminal context. *See, e.g.*, *United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319, at *3 (S.D. Ohio May 18, 2021) (collecting cases).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). In the criminal context, the presumption of openness provides "notice of the type of conduct that could lead to criminal liability" and "serves to control for corruption and incompetence." *Campbell*, 2021 WL 1975319, at *3. Overcoming this presumption is "a heavy one: 'Only the most compelling reasons can

2

justify non-disclosure of judicial records.'" *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify sealing. *See id.*

To demonstrate a seal is necessary, the party seeking confidentiality must provide a "compelling reason why certain documents or portions thereof should be sealed." *Id.* at 305 (citation and quotation omitted). Further, the "seal itself must be narrowly tailored to serve that reason." *Id.* at 305. Accordingly, the movant must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). It is then incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In civil litigation, the most common categories of information that overcome this presumption include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308. But these principles apply to criminal cases as well. *See, e.g.*, *United States v. Campbell*, No. 1:19-CR-25, 2021 WL 1975319, at *3 (S.D. Ohio May 18, 2021) (collecting cases).

## DISCUSSION

Defendant seeks to file under seal his supplemental motion for sentence reduction because it contains personal and confidential information. (ECF No. 94,

3

PageID #1109.) The interest of ensuring nonparties' access to this information is significantly less than in *Shane Group*, which involved the sealing of information necessary for unnamed class members to evaluate a class action settlement that bound them. *Shane Grp.*, 825 F.3d at 302.

Given the nature of Defendant's interest in maintaining the privacy of confidential information and the absence of interested nonparties, the merits of redacting and sealing the filings outweigh the public's interest, if any, in making public Mr. Scott's sensitive and private information. *See Doe v. Delie*, 257 F.3d 309, 315 (3rd Cir. 2001)); *see also id.* ("An individual has a constitutional right to privacy, which protects 'the individual interest in avoiding disclosure of personal matters.'") (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).

## CONCLUSION

For these reasons, the Court **GRANTS** the motion of Defendant to file its response under seal pursuant to Local Rule 49.4 and this Order. In addition, Defendant must file an unsealed, redacted version of its supplemental motion on the public docket. In so ordering, the Court finds that the seal is tailored to protect the privacy interests of Defendant and serves the public interest in access to judicial records.

**SO ORDERED.**

Dated:  March 26, 2024

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio