# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:22-cr-109-2 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SAMUEL MARCEL JAWAN ) | |
| SCOTT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Samuel Marcel Jawan Scott pled guilty to three counts of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At sentencing, his advisory guideline range was 60 to 71 months, reflecting a total offense level of 21 and a criminal history category IV. (ECF No. 44, PageID #235.) Based on the plea agreement, and in accordance with factors under 18 U.S.C. § 3553(a)(1), the Court imposed a sentence of 46 months, with credit for time served. (ECF No. 43, PageID #229.)

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Mr. Scott, acting *pro se*, filed a motion to reduce his sentence. (ECF No. 91, PageID #1102–03.) Appointed counsel filed a supplement on March 27, 2024, requesting that Mr. Scott's sentence be reduced to 32 months. (ECF No. 98, PageID #1120; ECF No. 97, PageID #1116). The government filed a response in support of Mr. Scott's eligibility for a sentence reduction under the Amendment, but

asserting that 37 months is the appropriate sentence. (ECF No. 102). On May 28, 2024, Mr. Scott amended his motion to reduce his sentence and agreed with counsel for the United States that 37 months is the appropriate sentence under the new guideline calculation. (ECF No. 106.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the Court must consider the scope of the reduction authorized by the amendment. Second, it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillion v. United States,* 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

*First*, Mr. Scott seeks a sentence reduction because under the Sentencing Guidelines as amended, he would receive two fewer criminal history points. (ECF No. 98, PageID #1120–21.) Before Amendment 821, under Section 4A1.1(e), a defendant received a two-point enhancement if the offense was committed "while under any criminal justice sentence." U.S.S.G. § 4A1.1(e). Mr. Scott received those two extra points, which placed his criminal history score at eight. Applying the Amendment, Mr. Scott receives only six criminal history points, placing him in criminal history category III, making his new guideline range 46 to 57 months. (ECF No. 38, PageID #189.) The Court finds that Mr. Scott's request is within the scope of the reduction authorized by the Amendment.

*Second*, the Court considers whether the factors under Section 3553(a), which include the history and characteristics of the defendant, and the need for the sentence

imposed, justify reducing the sentence. Mr. Scott reports successful completion of a drug education course through the Bureau of Prisons (ECF No. 106, PageID #1142), and there are no indications that Mr. Scott has not adjusted to his imprisonment. Further, the United States supports a sentence reduction under the guidelines. (ECF No. 103, PageID #1134.) For these reasons, and based on the totality of the record before it and the factors under Section 3553, the Court **GRANTS** Mr. Scott's motion and reduces Mr. Scott's sentence from 46 months to 37 months.

**SO ORDERED.**

Dated: May 29, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3